779 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES EUGENS BROCK, Plaintiff-Appellant,
vs.
E.C. HOUCHIN; ERNIE KEYS; DR. COTTON NURSE DOE a/k/a DIANE
SELLERS; NURSE DOE, Defendant-Appellees.
 84-5343
 United States Court of Appeals, Sixth Circuit.
 10/28/85
 
 AFFIRMED
 W.D.Ky.
 On Appeal From the United States District Court for the Western District of Kentucky
 BEFORE: KEITH and KENNEDY, Circuit Judges, and WISEMAN.*
 PER CURIAM:
 
 
 1
 This is an appeal from an order by the United States District Court for the Western District of Kentucky, dismissing appellant's Sec. 1983 claim of medical maltreatment. We affirm the judgment below finding that appellant failed to state a Sec. 1983 claim for lack of pleading deliberate indifference to an obvious medical problem.
 
 I.
 
 2
 Appellant was seen originally on sick call at the Kentucky State Reformatory on the morning of April 8, 1983. He complained of chest pains and was seen by a medical aide who prescribed analgesics. Plaintiff was asymptomatic at this time. He was then seen on sick call the following morning with non-specific problems and a history of shortness of breath and chest pain for several days. At this time, appellant's vital signs were normal. Heart, lung, and general physical examinations were conducted which also provied normal. Appellant had no history of coronary artery disease which would indicate to the physician a more serious condition. Appellant was subsequently sent to the hospital laboratory for an electrocardiogram and cardiac enzyme studies which returned normal.
 
 
 3
 On April 10, 1983, appellant was admitted to the hospital for observation by a medical aide who was on duty. He complained of shortness of breath and chest pains radiating down both arms. Despite some chills and fever, appellant's vital signs were normal. He was again given enalgesics. After being examined by a contract physician, Dr. Cotton, appellant was dismissed from the hospital, his vital signs normal.
 
 
 4
 On April 11, 1983, appellant was brought to the hospital as an emergency patient. He stated that he had come to sick call and had a sudden onset of severe chest pains. His EKG was abnormal and he had acute changes on the EKG of acute myocardial infarctions. Immediate care was taken and he was transported to the University Hospital. He was discharged from University Hospital on April 26, 1983, and returned to the Kentucky State Reformatory. At that time, appellant was housed in the Geriatrics Unit due to his refusal to be hospitalized in the hospital unit. He had no further symptoms.
 
 
 5
 On May 13, 1983, appellant filed a complaint under 42 U.S.C. 1983, alleging medical maltreatment. Appellant claims that his heart attack was misdiagnosed as a chest could and that such misdiagnosis is evidence of deliberate medical indifference. On February 21, 1984, the district court dismissed petitioner's complaint for failure to state a cause of action.
 
 
 6
 In Estelle v. Gamble 429 U.S. 97 (1976), the Supreme Court held that in Sec. 1983 cases alleging medical malpractice, the petitioner 'must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.' 429 U.S. at 106. Imprudent medical judgment, the court made clear, does not implicate onstitutional rights; rather it (possibly) constitutes medical malpractice which should be redressed in state court. Id. at 108.
 
 
 7
 It is clear from petitioner's pro se complaint and request for relief of May 13, 1983, that he is alleging deficient medical judgment, rather than deliberate indifference to a serious medical need. Key assertions of his complaint are as follows: 'When I arrived (to the medical center) I was met by Medical Aid Ernie Keys, who once again made a diagnosis of a chest cold, and stated his refusal to offer me further medical attention.' The true nature of petitioner's complaint is found in his request for relief in the complaint: 'I prefer to go to any institution where the medical staff knows the difference between a chest cold and a heart attack.' This case can be better understood in light of similar cases where granting a 12(b)(6) motion to dismiss was inappropriate because constitutional rights were held to be violated. In Westlake v. Lucas 537 F2d 857, 860 (6th Cir. 1976) petitioner informed the jail's admitting personnel that he suffered from an ulcer and requested a special diet and medication. Although jail officials were aware of his condition, his requests were denied, including his request to see a doctor. The court held:
 
 
 8
 We believe that a prisoner states a proper cause of action when he alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention . . .
 
 
 9
 The instant case is readily distinguishable. Here, once the severity of petitioner's malady was known, he was readily treated. There was no denial of medical treatment in light of an obvious medical problem.
 
 
 10
 In Byrd v. Wilson, 701 F2d 592 (6th Cir. 1983), this Court reversed the district court's 12(b)(6) motion on a Sec. 1983 claim alleging medical malpractice. In that case, petitioner was diagnosed as having cirrhosis of the liver for which medication and a low sodium, high protein diet were prescribed. Under his return to prison, appellant tried unsuccessfully to get his medicine and his diet for 2 days. The court held that the appellant had alleged facts which constituted deliberate indifference to his dietary needs and medication. Again, the instant case is not comparable to Byrd: appellant alleges medical misjudgment, rather than the deliberate denial of medical care.
 
 
 11
 There was no necessity for discovery to further develop appellant's allegations in that '. . . it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief.' Hughes v. Rowe, 449 U.S. 5, (1980). Even though a pro se appellant is held to less stringent standards than an attorney when filling pleadings, the Court still has the discretion to dismiss the claim when it would appear that, however artfully pleaded, the claim would still state no grounds which would override a motion to dismiss. Therefore, the district court properly dismissed this Sec. 1983 action.
 
 
 12
 Accordingly, we affirm the judgment below.
 
 
 
 *
 Honorable Thomas A. Wiseman, Jr., United States District Court for the Middle District of Tennessee, sitting by designation